UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ANTHONY BROOME, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 4:23-cv-650-GMB |
| MARTIN O'MALLEY, | ) |
| Commissioner of Social Security, | ) |
| Defendant. | ) |

## **MEMORANDUM OPINION**

On August 10, 2021, Plaintiff Anthony Broome filed an application for period of disability and disability insurance benefits ("DIB") with an alleged disability onset date of March 16, 2019. Broome's application was denied at the initial administrative level. He then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ held a telephone hearing on July 18, 2022, during which Broome amended his alleged disability onset date to May 21, 2019. The ALJ denied Broome's claims on October 25, 2022. Broome requested a review of the ALJ's decision by the Appeals Council, which declined review on March 28, 2023. As a result, the ALJ's decision became the final decision of the Commissioner of the Social Security Administration (the "Commissioner") as of March 28, 2023.

Broome's case is now before the court for review pursuant to 42 U.S.C. § 1383(c)(3). Under 28 U.S.C. § 636(c)(1) and Rule 73 of the Federal Rules of Civil

Procedure, the parties have consented to the full jurisdiction of a United States Magistrate Judge. Doc. 10. Based on a review of the parties' submissions, the relevant law, and the record as a whole, the decision of the Commissioner is due to be affirmed.

## I. STANDARD OF REVIEW[1]

The court reviews a Social Security appeal to determine whether the Commissioner's decision "is supported by substantial evidence and based upon proper legal standards." *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). The court will reverse the Commissioner's decision if it is convinced that the decision was not supported by substantial evidence or that the proper legal standards were not applied. *Carnes v. Sullivan*, 936 F.2d 1215, 1218 (11th Cir. 1991). The court "may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner," but rather "must defer to the Commissioner's decision if it is supported by substantial evidence." *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1997) (citation and internal quotation marks omitted). "Even if the evidence preponderates against the Secretary's factual findings, [the court] must affirm if the decision reached is supported by substantial evidence."

---

[1] In general, the legal standards are the same whether a claimant seeks DIB or supplemental security income ("SSI"). However, separate parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to reference the appropriate parallel provision as context dictates. The same applies to citations for statutes or regulations found in excerpted court decisions.

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Moreover, reversal is not warranted even if the court itself would have reached a result contrary to that of the factfinder. *See Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991).

The substantial evidence standard is met "if a reasonable person would accept the evidence in the record as adequate to support the challenged conclusion." *Holladay v. Bowen*, 848 F.2d 1206, 1208 (11th Cir. 1988) (quoting *Boyd v. Heckler*, 704 F.2d 1207, 1209 (11th Cir. 1983)). The requisite evidentiary showing has been described as "more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must scrutinize the entire record to determine the reasonableness of the decision reached and cannot "act as [an] automaton[] in reviewing the [Commissioner's] decision." *Hale v. Bowen*, 831 F.2d 1007, 1010 (11th Cir. 1987). Thus, the court must consider evidence both favorable and unfavorable to the Commissioner's decision. *Swindle v. Sullivan*, 914 F.2d 222, 225 (11th Cir. 1990).

The court will reverse the Commissioner's decision on plenary review if the decision applies incorrect law or fails to provide the court with sufficient reasoning to determine that the Commissioner properly applied the law. *Grant v. Astrue*, 255 F. App'x 374, 375–76 (11th Cir. 2007) (citing *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)). There is no presumption that the Commissioner's conclusions of law are valid. *Id.*

## II.  STATUTORY AND REGULATORY FRAMEWORK

To qualify for disability benefits, a claimant must show the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A) & 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  Broome bears the burden of proving that he is disabled and is responsible for producing evidence sufficient to support his claim. *See Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003).

A determination of disability under the Social Security Act requires a five-step analysis. 20 C.F.R. § 404.1520(a).  The Commissioner must determine in sequence:

> (1) Is the claimant presently unable to engage in substantial gainful activity?
> (2) Are the claimant's impairments severe?
> (3) Do the claimant's impairments satisfy or medically equal one of the specific impairments set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 1?
> (4) Is the claimant unable to perform his former occupation?
> (5) Is the claimant unable to perform other work given his residual functional capacity, age, education, and work experience?

*See Frame v. Comm'r, Soc. Sec. Admin.*, 596 F. App'x 908, 910 (11th Cir. 2015).

"An affirmative answer to any of the above questions leads either to the next question, or, [at] steps three and five, to a finding of disability.  A negative answer to any question, other than at step three, leads to a determination of 'not disabled.'" *McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986) (quoting 20 C.F.R. § 416.920(a)−(f)).  "Once the finding is made that a claimant cannot return to prior work the burden of proof shifts to the Secretary to show other work the claimant can do." *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citing *Gibson v. Heckler*, 762 F.2d 1516 (11th Cir. 1985)).

### III.  RELEVANT FACTUAL BACKGROUND

Broome was 49 years old on his alleged onset day of May 21, 2019. R. 39–40, 44, 187.  His primary complaint is pain in his back, shoulder, neck, and the top of his left foot, as well as the inability to raise his right hand. R. 40, 42.  His worst pain is in his neck and both shoulders. R. 42–43. In his disability report, Broome alleged the following medical conditions that limit his ability to work: spinal stenosis and cervical stenosis. R. 219.

Broome graduated from high school with special education classes. R. 44.  He described his relevant work experience as a position as a laminator helper. R. 45.  In this role, he testified that he "took big old rolls that weighed anywhere from 500 to 1,000 pounds, and picked them up with a hoist.  And I had to pull it over, and load it in a machine." R. 45.  The heaviest weight he lifted on that job was about 20

pounds. R. 46.  Routinely he lifted about four to five pounds. R. 46.  Broome stopped working because the pain became too severe in his neck and the doctor told him he needed another surgery. R. 47.  After neck surgery, he had shoulder surgery. R. 47.

The medical evidence details a long history of orthopedic issues and multiple surgeries.  Broome underwent an anterior cervical diskectomy and fusion of C3-4 and C6-7 on July 12, 2016, and carpal tunnel release surgery on his right hand on September 26, 2016. R. 324, 350.  On December 6, 2016, a surgeon performed a lumbar decompressive laminectomy of L4 with diskectomy at L4-5 right and foraminotomies of the L5 nerve roots bilaterally. R. 312.  Three months later, he had right shoulder arthroscopy for right shoulder impingement with AC joint arthritis and rotator cuff tear. R. 307.  Treatment notes from mid-to-late 2016 indicate that Broome had been having trouble with progressively worsening right shoulder pain. R. 304.  Similar notes state that Broome had been experiencing neck pain for over a year that had progressively worsened. R. 330.  He underwent left carpal tunnel release surgery on November 17, 2017. R. 784.

Throughout 2017, various doctors treated Broome for lumbar spinal stenosis, cervical radiculitis, cervical disc herniation, carpal tunnel syndrome, and right shoulder impingement. R. 508, 511, 516, 519, 568, 577. Records from January 2018 document increasing complaints of back pain and constant aching pain with radiation into both hips exacerbated by prolonged sitting, standing, and walking.

6

R. 564. An x-ray of his lumbar spine showed multi-level degenerative disc disease with some anterior and posterior osteophyte formation at multiple levels. R. 565. An MRI of his lumbar spine on January 31, 2018, documented persistent moderate bilateral foraminal encroachment, mild bilateral foramen encroachment at L5-S1, and minimal bilateral foramen encroachment at L2-L3 and L3-L4. R. 591.

At the hearing, Broome testified about his daily pain and limitations in 2019. R. 41–44. He stated that he could stand for approximately 30 minutes before having to sit, and he could sit for approximately 45 minutes before needing to get up and walk around. R. 41–42. Broome estimated that he could comfortably lift and carry about ten pounds and walk about two to three hundred feet. R. 42. He described his typical day in 2019 as follows: "I'll sit a while, and get up, and go walk around the yard, and it'll loosen up a bit, and then I'll go up and sit on the swing, on the porch." R. 42.

The ALJ issued his decision on August 2, 2022. R. 32. Under step one of the five-step evaluation process, he found that Broome had not engaged in substantial gainful activity from his amended alleged onset date of May 21, 2019, through his date last insured of December 31, 2019. R. 24. The ALJ concluded that Broome had the following medically determinable impairments through the date last insured: cervical and lumbar disc disease, obesity, obstructive sleep apnea, and carpal tunnel

syndrome.[2] R. 24. The ALJ then found that Broome did not have an impairment or combination of impairments that caused significant limitations in his ability to perform basic work activities for 12 consecutive months. R. 25. Therefore, the ALJ concluded that Broome was not under a disability as defined by the Social Security Act at any time from May 21 through December 31, 2019. R. 27. Based on these findings, the ALJ denied Broome's application. R. 32.

## IV. DISCUSSION

Broome contends that substantial evidence does not support the ALJ's determination that he did not have a severe impairment. Doc. 9 at 5–11. The court disagrees.

"At step two[,] a claimant's impairment is determined to be either severe or not severe." *McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986). A claimant's "impairment can be considered as not severe only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience." *Brady v. Heckler*, 724 F.2d 914, 920 (11th Cir. 1984). This threshold inquiry "allows only claims based on the most trivial

---

[2] The ALJ found Broome's other alleged impairments of hyperglycemia, osteoarthrosis, osteoarthritis, Reynaud's disease, attention deficit activity disorder, depression, generalized anxiety disorder, eye problems, right rotator cuff syndrome, impingement of the right shoulder, and fibromyalgia to be non-medically determinable. R. 24–25. Broome does not challenge these findings. *See* Doc. 9 at 6–11.

impairments to be rejected." *McDaniel*, 800 F.2d at 1031. "An impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work, irrespective of age, education or work experience. Claimant need show only that her impairment is not so slight and its effect is not so minimal." *Id*. If a claimant does "not have a severe medically determinable physical or mental impairment that meets the duration requirement in § 404.1509, or a combination of impairments that is severe and meets the duration requirement, [the ALJ] will find that [the claimant is] not disabled." 20 C.F.R § 404.1520(a)(4)(ii).

The record contains little medical evidence to support Broome's claimed impairments during the relevant time period. Instead, a great deal of the evidence originated either before May 21, 2019, or after December 31, 2019, which makes it only marginally relevant. *See Santos v. Comm'r of Soc. Sec.*, 731 F. App'x 848, 856 (11th Cir. 2018) (stating that medical records from before the claimant's alleged onset date "were of limited relevance"); *Ashley v. Comm'r, Soc. Sec. Admin.*, 707 F. App'x 939, 944 (11th Cir. 2017) ("Evidence of deterioration of a previously considered condition may subsequently entitle a claimant to benefit from a new application, but it is not probative of whether the claimant was disabled during the relevant time period under review.") (citing *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999)). Notably, all the evidence Broome highlights in his brief predates

9

his alleged onset date. *See* Doc. 9 at 6–9. And a showing that an impairment became disabling after the expiration of the claimant's insured status is insufficient to establish eligibility for disability benefits. *See Hughes v. Comm'r of Soc. Sec. Admin.*, 486 F. App'x 11, 13 (11th Cir. 2012) (citing *Demandre v. Califano*, 591 F.2d 1088, 1090 (5th Cir. 1979)).

And even if the court considers the evidence Broome highlights, the court must decline Broome's invitation to reweigh the evidence before the ALJ. It is the court's job to review the agency's decision and determine whether its conclusion, as a whole, was supported by substantial evidence in the record. *Foote v. Chater*, 67 F.3d 1553, 1558 (11th Cir. 1995) (citing 42 U.S.C. § 405(g)). "If the Commissioner's decision is supported by substantial evidence, this [c]ourt must affirm, even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004). The court "will not decide facts anew, make credibility determinations, or reweigh the evidence." *Porto v. Acting Comm'r of Soc. Sec.*, 851 F. App'x 142, 145 (11th Cir. 2021) (citing *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011).

In sum, Broome has not met his burden of proving that he is suffering from a severe impairment or combination of impairments. The court finds that substantial evidence supports the ALJ decision.

## V. CONCLUSION

For these reasons, the court concludes that the Commissioner's decision is supported by substantial evidence and based upon the proper legal standards. Therefore, the decision of the Commissioner is due to be affirmed. A final judgment will be entered separately.

DONE and ORDERED on May 15, 2024.

_____
GRAY M. BORDEN
UNITED STATES MAGISTRATE JUDGE